

**ZACHARY W. CARTER**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

SUSAN PAULSON
Phone: (212) 356-0821
Fax: (212) 356-2509
Email: spaulson@law.nyc.gov

October 27, 2015

Hon. Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

        Re:    *New York State Rifle & Pistol Assoc. v. NYPD*
              Docket No. 15-638

Dear Ms. Wolfe:

      Appellees submit this Rule 28(j) letter to address this Court's recent decision in *New York State Rifle and Pistol Association v. Cuomo*, Nos. 14-36 (Lead); 14-37 (October 19, 2015). That decision, applying intermediate scrutiny, rejected all but narrow aspects of a Second Amendment challenge to New York and Connecticut laws banning certain assault weapons and large-capacity magazines.

      *Cuomo* squarely refutes appellants' contention (Reply Br. at 3-11) that any arguable burden on the right of self-defense always triggers heightened scrutiny. To the contrary, the decision reaffirmed that firearms regulations will trigger heightened scrutiny only if they "substantially burden" the exercise of Second Amendment rights, clarifying that the inquiry is based on analysis of (1) how close the laws come to the core of the Second Amendment right and (2) the severity of the laws' burden. Slip. Op. at 31.

      *Cuomo* also demonstrates the error in appellants' contention (Br. at 16-23) that heightened Second Amendment scrutiny should apply here. *Cuomo* applied heightened (intermediate) scrutiny to the assault-weapons bans because they (1) "extend[ed] into the home," and (2) were "both broad and burdensome," as they "imposed an outright ban statewide" on commonly owned weapons. But the challenged rule here "involve[s] neither the outright prohibition of weapons in common use nor any direct limitation on the exercise of Second Amendment rights within the home." Slip Op. at 34 n.92. The rule has *no* effect on individuals' choice of weapon for self-defense in the home. The rule also permits premises license holders to transport their licensed weapons outside of the home to authorized target ranges within New York City, and in no way interferes with individuals' ability to borrow or rent weapons for use at target ranges or to use firearms simulators inside or outside the City (including use of the same make and model as their licensed weapon, as available). The analysis in *Cuomo* confirms that the challenged rule here is, at most, "a marginal, incremental, or even appreciable restraint,"

preserving adequate alternatives for individuals to acquire and possess firearms for self-defense, that does not trigger heightened scrutiny under the Second Amendment.

    Respectfully submitted,

    /s/

    Susan Paulson
    Assistant Corporation Counsel

cc:    Counsel of record (via ECF)