

November 6, 2015

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals
 for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

**Re:** *New York State Rifle & Pistol v. City of New York,* **No. 15-638**

Dear Ms. O'Hagan Wolfe,

    This letter responds to the City's 28(j) letter concerning *New York State Rifle and Pistol Association, Inc. v. Cuomo.* While the City selectively reads *Cuomo* as bolstering its position, *Cuomo* only strengthens this appeal by underscoring that §5-23 triggers at least intermediate scrutiny and that intermediate scrutiny demands much more than casual reliance on a single affidavit.

    First, while the City reads *Cuomo* as supporting its claim that §5-23 is subject to rational basis review (the only standard it could possibly survive), the opposite is true. Echoing *Heller* and *McDonald*, *Cuomo* recognizes that restrictions on handguns implicate core Second Amendment rights. Op. 20-21, 31-32. Moreover, *Cuomo* subjected New York's seven-round load limit to intermediate scrutiny even though it stopped far short of a ban on in-home possession and restricted, rather than eliminated, the Second Amendment right.

    Second, and equally important, *Cuomo* reinforces that intermediate scrutiny is truly heightened scrutiny and looks nothing like the district court's permissive review here. *Cuomo* reaffirmed that "on intermediate scrutiny review, the state cannot 'get away with shoddy data or reasoning.'" *Id.* at 45 (quoting *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 438 (2002)). Intermediate scrutiny requires "*substantial* evidence" that a government restriction is "substantially related to" an asserted government interest. *Id.* In *Cuomo*, the submitted evidence was insubstantial and "entirely untethered from the stated rationale" articulated by the State. *Id.* at 44.

The same is true here. The City's lone evidence was a demonstrably insubstantial affidavit from a City employee. Even assuming a lone affidavit could ever suffice under intermediate scrutiny, the one here is plainly insufficient. The information in that affidavit is "entirely untethered" from the onerous restrictions imposed by §5-23, which make it harder for City residents to train to use their weapons safely, force residents to purchase duplicative handguns in order to exercise their core Second Amendment right at a second home, and ensure that those duplicative handguns will be left unsupervised. In short, §5-23 suffers the same tailoring problems as the seven-round limit invalidated in *Cuomo* and should suffer the same fate.

Respectfully submitted,

s/Paul D. Clement
*Counsel for Plaintiffs-Appellants*

cc: All Counsel (via ECF)

500 New Jersey Avenue, NW • Seventh Floor • Washington, DC 20001
Telephone (202) 234-0090 • www.bancroftpllc.com • Facsimile (202) 234-2806